**COHELAN KHOURY & SINGER**
Isam C. Khoury (SBN 58759)
Ikhoury@ckslaw.com
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Marta Manus (SBN 260132)
mmanus@ckslaw.com
605 C Street, Suite 200
San Diego, California 92101
Tele.: (619) 595-3001/Fax: (619) 595-3000

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian, II (SBN 144621)
sahagii@aol.com
18250 Ventura Blvd.
Tarzana, CA 91356
Telephone: (818) 609-0807/Fax: (818) 609-0892

Attorneys for Plaintiff JOSE HUERTA
individually and on behalf of others similarly situated

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R. HUERTA, individually and on behalf of himself and others similarly situated, | CASE NO. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT** |
| vs. | **[15 U.S.C. § 1681b(b)(2)(A)]** |
| ACCURATE PERSONNEL, LLC, an Illinois Limited Liability Company; and DOES 1 through 100, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Jose R. Huerta ("Plaintiff" or "HUERTA"), individually and on behalf of himself and others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action against Defendants ACCURATE PERSONNEL, LLC and DOES 1 through 100 ("Defendants" or "ACCURATE"), on behalf of a nationwide class of all individuals who applied for employment at ACCURATE and whose consumer report was obtained without the appropriate disclosure by which the consumer report may be obtained and/or without obtaining a valid, signed authorization form prior to obtaining such a report.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this class action pursuant to 28 U.S.C. section 1331 and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. section 1681, *et seq.*, because this case involves the FCRA. An action to enforce any liability created under the FCRA may be brought in any appropriate United States district court not later than the earlier of either two years after the date of discovery by the plaintiff of the violation or five years after the date on which the violation that is the basis for the action. 15 U.S.C. § 1681p.

3. Defendant ACCURATE PERSONNEL, LLC is an Illinois Limited Liability Company with its headquarters in Schaumberg, Illinois. Defendants provide temporary staffing services in California and throughout the United States.

4. Plaintiff was based out of ACCURATE's Ontario, California location. Further, Plaintiff is informed and believes that California employment application records are processed at that California location for California employees, like HUERTA. Accordingly, based on information and belief, venue for this action is proper in the Eastern Division of the Central District of California. Further, Plaintiff is informed and believes that more than 50% of the proposed class resides in or around San Bernardino County in the State of California.

///

# PARTIES

5. Plaintiff HUERTA is a resident of the State of California, the city of West Covina. On or about June 9, 2017, HUERTA initially applied for employment with Defendants as a staffing employee in California. At that time, HUERTA was provided with an employment application that included within it, and not as a stand-alone document, a written disclosure and consent form stating that an investigative consumer report may be obtained for employment purposes. This employment application disclosure and consent form also contained a purported release of liability in violation of law. See, *Syed v. M-I, LLC*, 846 F.3d 1034 (9th Cir. 2017). A true and correct copy of the document [with Plaintiff's social security number, date of birth, Address, and Driver's license number redacted] is attached hereto as **Exhibit 1** and is expressly incorporated herein by this reference.

6. Upon seeking employment from Defendants, Plaintiff was required to submit application documentation, including a release of liability for Defendants to engage in a variety of invasive privacy background checks and consumer reports. At no time was Plaintiff aware that as part of his application process, he was required to waive any claims for liability against Defendants for improperly using or obtaining private consumer information and data, and had he been aware, he would not have permitted Defendants to obtain the information or have any waiver of liability for its use of his private consumer report and other data.

7. In approximately June 2017, Defendants ACCURATE hired Plaintiff JOSE HUERTA. Plaintiff accepted the job without any knowledge as to what any consumer report or background check was provided to Defendants, and without knowledge that Defendants sought to illegally include a release of claims if any information obtained was used in an unlawful manner.

8. Defendant ACCURATE PERSONNEL, LLC is an Illinois limited liability company and operates within California and throughout the United States. ACCURATE's headquarters is located at 33 S. Roselle Road, Schaumberg, Illinois

and it provides temporary staffing services throughout the United States. As part of its hiring process, ACCURATE uniformly and systematically obtains consumer reports for employment purposes without a valid disclosure and without a valid, signed authorization as part of the application process.

9.  Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 100, but is informed and believes, and thereon alleges, that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capabilities are ascertained.

10. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, sought a consumer report without adequate disclosures and consent. Plaintiff is informed and believes, and thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants.

## **GENERAL ALLEGATIONS**

11. This class action arises from ACCURATE's acquisition, procurement, and use of consumer background, investigative, and/or consumer reports (referred to collectively as "consumer reports"), as supplied by any third-party consumer reporting agencies, to conduct background checks on Plaintiff and other prospective, current, and former employees. The term "consumer report" includes not only credit worthiness, standing, and capacity; it also includes character, general reputation, personal characteristics, or mode of living to analyze eligibility for employment purposes. 15 U.S.C. § 1681a(d). Thus, the background reports that Defendant ACCURATE obtains regarding applicants or current employees are "consumer reports" as defined by the FCRA. 15 U.S.C. § 1681a(d).

12. Plaintiff is a "consumer" as defined by the FCRA. 15 U.S.C. § 1681a(c). Defendant ACCURATE is a "person" as defined by the FCRA. 15 U.S.C. § 1681a(b). Upon information and belief, Defendant ACCURATE obtained the consumer report from a third party "consumer reporting agency," which is defined as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

13. Plaintiff and each Plaintiff Class Member [defined *infra*] were individuals covered by the FCRA and as such, Defendant ACCURATE was required to provide a stand-alone disclosure in writing that a consumer report may be obtained for employment purposes and obtain a valid, written authorization prior to obtaining a consumer report. 15 U.S.C. § 1681b(b)(2)(A)(i) and (ii).

14. At the time of seeking employment, Plaintiff was presented with the following disclosure or authorization language, which was included in ACCURATE's standard application for at-will employment, along with a variety of other information, and appeared several pages into the application:

> "I Jose Huerta, understand that in connection with my employment process with ACCURATE PERSONNEL SERVICES, a thorough investigation of my background may be conducted. I further understand that an investigation may include but is not limited to information regarding my credit capacity, standing, and worthiness, character, civil court proceedings, criminal conviction record, driving history, education, employment history and work habits, financial, insurances, worker's compensation, military and veteran's records or reports. I understand that my employer, ACCURATE PERSONNEL SERVICES, and its agent and investigator will be requesting information from a variety of government, public, private and commercial agencies and

- 4 -
CLASS ACTION COMPLAINT

sources. I HEREBY AUTHORIZE ANY PERSON, BUSINESS, CORPORATION, FINANCIAL INSTITUTION, LAW FIRM, ORGANIZATION, PARTNERSHIP OR GOVERNMENT AGENCY CONTACTED IN THE COURSE OF AN EMPLOYMENT BACKGROUND INVESTIGATION TO RELEASE ANY AND ALL PERTINENT INFORMATION CONCERNING ME. Subject to the provisions of the Federal Fair Credit Reporting Act and any applicable state laws, I do hereby release and hold harmless, any such person or entity mentioned above from all liability regarding the release of any and all appropriate and correct information regarding me. I also release and hold harmless, ACCURATE PERSONNEL SERVICES, agent and investigator, its officers, employees, agents and contractors from any liability in connection with the gathering of this information. I understand that information collected will be used for the sole purpose of determining eligibility for employment. Therefore, by signing below, I authorize and provide my consent for full release of any and all records (either orally or in writing) to ACCURATE PERSONNEL SERVICES and its clients."

15. Plaintiff returned this document to an ACCURATE representative. A true and correct copy of the excerpted page containing the above language is attached at **Exhibit 1** hereto.

16. On information and belief, the above-described Authorization form presented to Plaintiff was used regularly by Defendant ACCURATE for all job applicants during the relevant time period in connection with its employment policies, procedures, and/or practices.

17. This form, however, does not comply with the FCRA because: (1) it does not disclose that a "consumer report" will be obtained; (2) it does not seek written authorization from prospective applicants to obtain a "consumer report"; (3) it is included as part of the employment application, buried in a packet of documents, not in a document that consists only of the disclosure and authorization as required by the FCRA; and (4) the statement purports to release Defendants and

other unspecified third-parties from liability. Plaintiff is informed and believes that the provisions violate law but did not discover such information until sometime in 2018 when seeking legal advice.

18. In light of the potentially determinative role that consumer reports can play regarding an applicant's employment prospects, employers are required to ensure that all applicants are aware of the employer's intention to procure a "consumer report."

19. Specifically, an employer or prospective employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless…a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) [emphasis added]. This requirement is frequently referred to as the "stand-alone disclosure requirement."

20. The stand-alone disclosure requirement is important because it enables consumers to control and correct the information that is being disseminated about them by third parties.

21. Defendant ACCURATE has willfully and systematically violated 15 U.S.C. section 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative Class Members for employment purposes, without first making a proper disclosure as required by the FCRA.

22. Many of the extraneous pieces of information included in Defendant ACCURATE's job application, including the liability release, are the subject of longstanding FTC and judicial guidance indicating that their presence alone is sufficient to render an otherwise compliant disclosure non-compliant.

23. Additionally, Plaintiff only recently discovered that Defendants' disclosures violated the FCRA.

- 6 -
CLASS ACTION COMPLAINT

24. On information and belief, the above-described "Authorization" form presented to Plaintiff was used regularly by Defendant ACCURATE prior to generating and procuring consumer reports for prospective job applicants, employees, and independent contractors during the relevant time period.

25. The forms at issue in this case do not comply with the FCRA and Defendant ACCURATE failed to comply with the FCRA in that: (1) it failed to obtain proper authorization from consumers because the purported stand-alone disclosure contains other improper conditions and terms; (2) a single-instance of consent by a consumer cannot constitute a standing consent for further consumer reports; and (3) the prospective release of liability against Defendants and unidentified other agencies, individuals, and entities that provide information that comprise the consumer report is also impermissible.

26. Defendant ACCURATE has willfully and systematically violated 15 U.S.C. section 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative Class Members for employment purposes, without first making a proper disclosure as required by the FCRA.

27. In addition to the lack of a standalone disclosure, in violation of 15 U.S.C. section 1681b(b)(2)(A)(i), the disclosure requirements are especially important because consumers need to know when they are going to be evaluated for employment based on a consumer report. Consumers have a right to copies of their consumer reports, and it is critical that consumers are aware that a report is going to be procured so that, if they choose, they can request a copy of the report to proactively ensure that it does not contain any errors. Up to twenty-six percent of consumers have material errors in their consumer reports. See, Fed. Trade Comm'n, Report to Congress Under Section 319 of the Fair & Accurate Credit Transactions Act of 2003, at p. i (Dec. 2012), available at www.ftc.gov/os/2013/02/130211factareport.pdf (last accessed July 13, 2018).

28. As a result, the purported prospective consent as carte blanche

authorization of unidentified future consumer reports at any time throughout employment is impermissible and violates both the FCRA disclosure and certification requirements, along with being contrary to legislative purposes.

29. Further, the purported release of liability is anathema to the purpose of the FCRA's disclosure requirement. It turns a document that is supposed to serve as a notice of consumer's rights into a document which purports to serve as a waiver of those same legal rights.

30. Defendant ACCURATE knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendants obtained or had available substantial written materials which apprised them of their duties under the FCRA. Any reasonable employer that uses consumer reports in making employment decisions knows about or can easily discover these obligations.

31. Plaintiff, individually and on behalf of all other persons similarly-situated, seeks compensatory and punitive damages due to Defendants' systematic and willful violation of the FCRA. On behalf of himself and the putative Class, Plaintiff seeks statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and all other appropriate relief.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Federal Rule of Civil Procedure, Rule 23. The members of the Class are defined as follows:

> **PLAINTIFF CLASS**: All individuals who sought employment with ACCURATE in the United States, and who completed an authorization and consent to release information or substantially similar form, and for whom a consumer report was generated and obtained as part of the employment application process at any time five years prior to the filing of this Complaint.

33. Plaintiff reserves the right under the other applicable Federal Rules of Civil Procedure to amend or modify the class definition(s) with respect to issues or in any other ways. Plaintiff is the Named Representative and is a member of the Plaintiff Class. Plaintiff seeks class-wide recovery based on the allegations set forth in this Complaint.

34. This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable through the records Defendants are required to keep.

35. <u>Numerosity</u>. The members of the Class are so numerous that individual joinder of all of them as plaintiffs is impracticable. While the exact number of the Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are thousands of Class Members.

36. <u>Commonality</u>. Common questions of law and fact exist as to all Class Members and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

   a. Did Defendants violate the FCRA by failing to provide a disclosure to each applicant in writing that a "consumer report" will be obtained for employment purposes;

   b. Did Defendants violate the FCRA by failing to obtain written authorization from each applicant for a "consumer report" each time a "consumer report" was generated and procured for each applicant and existing employee;

   c. Did Defendants violate Section 1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure;

   d. Does including the required Section 1681b(b)(2)(A) disclosure within the application for employment, rather than as a stand-alone document, violate the FCRA;

    e.    Did Defendants violate Section 1681b(b)(2)(A) by failing to make the required disclosure *"in a document that consists solely of the disclosure"*;

    f.    Did Defendants violate Section 1681b(b)(2)(A) by using the FCRA disclosure and authorization form to obtain a release and waiver of rights?

    g.    Whether Defendants willfully violated the FCRA, requiring statutory damages to Plaintiff and the Class pursuant to 15 U.S.C. section 1681n(a);

    h.    Whether Plaintiff and the Class are entitled to statutory damages pursuant to 15 U.S.C. section 1681n(a), and if so, the amount and calculation of statutory damages; and

    i.    Whether Plaintiff and the Class are entitled to punitive damages pursuant to 15 U.S.C. section 1681n(a)(2), and if so, the amount and calculation of punitive damages.

36.    <u>Typicality</u>. Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and other members of the Plaintiff Class were subject to the same ACCURATE policy and practice of failing to provide a proper, stand-alone disclosure disclosing that it will obtain a consumer report; failing to obtain proper written authorization prior to procuring that consumer report; using a single-instance of purported consent to prospectively authorize further unidentified future consumer reports; and improperly including language seeking to release Defendants and others from liability.

37.    <u>Adequacy</u>. Plaintiff will adequately and fairly protect the interests of the members of the Class. Plaintiff has no interest adverse to the interests of absent Class Members. Plaintiff is represented by attorneys who have substantial class action experience in employment and consumer class action law.

38.    <u>Superiority</u>. A class action is superior to other available means for fair

1  and efficient adjudication of the claims of the Class and would be beneficial for the
2  parties and the Court. Class action treatment will allow a large number of similarly
3  situated persons to prosecute their common claims in a single forum,
4  simultaneously, efficiently, and without the unnecessary duplication of effort and
5  expense that numerous individual actions would require. The damages suffered by
6  each Class Member are relatively small in the context of a class action analysis, and
7  the expense and burden of individual litigation would make it extremely difficult or
8  impossible for the individual Class Members to seek and obtain individual relief. A
9  class action will serve an important public interest by permitting such individuals to
10 effectively pursue recovery of the sums owed to them. Further, class litigation
11 prevents the potential for inconsistent or contradictory judgments raised by
12 individual litigation.

## FIRST CAUSE OF ACTION

**VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681b**

**(Plaintiff and Plaintiff Class against Defendants)**

39. Plaintiff incorporates each of the preceding paragraphs as if set forth in full herein.

40. At all relevant times, Plaintiff and all other members of the Plaintiff Class were applicants for employment at ACCURATE throughout the United States. During the Class Period, Plaintiff and each member of the Plaintiff Class sought employment with ACCURATE in the United States. As part of the employment process, Defendant ACCURATE obtained a consumer report for Plaintiff and the putative Class Members.

41. ACCURATE failed to provide to Plaintiff and putative Class Members clear and conspicuous written notice that a "consumer report" will be obtained for employment purposes; failed to provide the required disclosure in a standalone document that consists solely of that disclosure, instead included a variety of other employment application materials and requests for information; failed to obtain

from Plaintiff and putative Class Members a valid, written authorization prior to obtaining a consumer report; and improperly included language seeking to release Defendants and other unspecified entities from liability.

42. Defendant ACCURATE's conduct in violation of Section 1681b of the FCRA was and is willful. Defendant ACCURATE acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees, including Plaintiff and putative Class Members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a) The FCRA was enacted in 1970 and the obligations are well-established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant ACCURATE obtained or had available substantial written materials which apprised it of its duties under the FCRA. Any reasonable employer using consumer reports knows about or can easily discover these obligations.

(b) Defendant ACCURATE is a large company with access to legal advice through its own general counsel's office and outside employment counsel. Further, Defendant ACCURATE's competitors clearly and conspicuously disclose to prospective and existing employees, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes;

(c) Defendant ACCURATE's "Employment Application Authorization" and "Authorization" forms included a single consent that purportedly provides blanket consent and *carte blanche* for future procuring and furnishing of consumer reports for Plaintiff and putative Class Members while employed with Defendant ACCURATE. The notion that such consent can be prospective runs counter to Section 1681b(b)(1)'s use of the phrase "has complied" with certification requirements, which clearly appears to refer retrospectively to an action already taken. Defendant ACCURATE cannot

certify that it "has complied" with the FCRA before having done so;

(d) Defendant ACCURATE included in its Employment Application Authorization that it sought authorization to "thoroughly investigate" and refers to a search of public records, and Defendant ACCURATE included in its Authorization form reference to the Federal Fair Credit Reporting Act which, evidences Defendant's awareness of and willful failure to follow the governing laws concerning such authorizations;

(e) The plain language of the statute unambiguously indicates that inclusion of a liability of release in a disclosure form violates the disclosure and authorization requirements; and

(f) The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form.

43. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. section 1681o.

44. As a result of Defendant ACCURATE's illegal procurement of consumer reports by way of its inadequate disclosures and authorizations, as set forth above, Plaintiff and the Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

45. Pursuant to the FCRA, 15 U.S.C. section 1681n(a)(1)(A), Plaintiff and the Class Members are entitled to recover statutory damages of "not less than $100 and not more than $1,000."

## **PRAYER**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

| | | |
|---|---|---|
| A. | For certification of this action as a class action; |
| B. | For appointment of Plaintiff as the representative of the Class; |
| C. | For appointment of counsel for Plaintiff as Class Counsel; |
| D. | A determination and judgment that Defendant ACCURATE willfully violated the FCRA, 15 U.S.C. section 1681b(b)(2)(A)(i); |
| E. | An award of statutory damages to Plaintiff and the Class Members in an amount equal to $1,000, but not less than $100, pursuant to 15 U.S.C. section 1681n(a)(1); |
| F. | An award of punitive damages to Plaintiff and the Class Members pursuant to 15 U.S.C. section 1681n(a)(2); |
| G. | An award of actual damages to Plaintiff and the Class Members pursuant to 15 U.S.C. section 1681o(a)(1); |
| H. | An award providing for payment of costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. section 1681n(a)(3); and |
| I. | For such other relief the Court deems just and proper. |

Dated: July 16, 2018

**COHELAN KHOURY & SINGER**

By: s/Marta Manus
Marta Manus

Attorneys for Plaintiff JOSE R. HUERTA, individually and on behalf of others similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff demands jury trial for all claims so triable.

Dated: July 16, 2018

**COHELAN KHOURY & SINGER**

By: s/Marta Manus
Marta Manus

Attorneys for Plaintiff JOSE R. HUERTA, individually and on behalf of others similarly situated